UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| JUSTIN MCMURRAY,<br><br>        PLAINTIFF,<br>v.<br><br>INDIANA WESLEYAN UNIVERSITY (MARION COLLEGE), INC., ET AL.,<br><br>        DEFENDANTS. | CASE NO. 3:19-CV-86-JHM |

**INDIANA WESLEYAN UNIVERSITY (MARION COLLEGE), INC.'S ANSWER TO COMPLAINT**

Indiana Wesleyan University (Marion College), Inc. ("IWU"), by and through its attorneys, answers Plaintiff Justin McMurray's ("Plaintiff") Complaint, as follows:

Except as expressly admitted or qualified hereafter, IWU denies each and every allegation of the Complaint.

**Preliminary Statement**

1. IWU denies that it violated the FCRA, and denies that it is liable to Plaintiff under the FCRA or for negligence or defamation, and denies all remaining allegations in paragraph 1.

**Parties**

2. IWU lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 and therefore denies them.

3. The allegation in paragraph 3 that Plaintiff is a "consumer" as defined by the FCRA asserts a legal conclusion to which no response is necessary. To the extent a response is required, IWU admits the allegations.

4. IWU admits the allegations in paragraph 4.

5. With respect to the allegations in paragraph 5, IWU denies that the FCRA defines "furnisher of information," and thus denies paragraph 5.

6. Because the allegations in paragraph 6 concern another defendant, IWU lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

7. Because the allegations in paragraph 7 concern another defendant, IWU lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

8. Because the allegations in paragraph 8 concern another defendant, IWU lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

## Jurisdiction

9. With respect to the allegations in paragraph 9, IWU denies that Plaintiff has standing to assert his claims under Article III of the United States Constitution, and admits only that it does not otherwise dispute this Court's jurisdiction or venue in this District. IWU lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9 and therefore denies them.

## Factual Background

10. With respect to the allegations in paragraph 10, IWU admits that Plaintiff made late payments on his Perkins Loan account (hereafter "Account"). IWU lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10 and therefore denies them.

11. With respect to the allegations in paragraph 11, IWU admits only that it sent Plaintiff a letter dated August 21, 2018, which states "The original servicer of your loan, University Accounting Services, has on file a UDF (Universal Data Form) stating that any previous delinquent history is to be deleted." IWU denies that Plaintiff disputed the Account "immediately upon his discovery of the derogatory tradeline." IWU lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11 and therefore denies them.

12. With respect to the allegations in paragraph 12, IWU admits only that Equifax notified it of Plaintiff's dispute relating to the Account.

13. IWU lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore denies them.

14. IWU denies the allegations in paragraph 14.

## Claims

### Negligence - IWU

15. IWU incorporates by reference its responses to the foregoing allegations of the Complaint.

16. IWU denies the allegations in paragraph 16.

17. IWU denies the allegations in paragraph 17.

18. IWU denies the allegations in paragraph 18.

### Negligence – Equifax

19. IWU incorporates by reference its responses to the foregoing allegations of the Complaint.

20. Because the allegations in paragraph 20 concern another defendant, IWU lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

21. Because the allegations in paragraph 21 concern another defendant, IWU lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

22. Because the allegations in paragraph 22 concern another defendant, IWU lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

### Defamation - IWU

23. IWU incorporates by reference its responses to the foregoing allegations of the Complaint.

24. IWU denies the allegations in paragraph 24.

25. IWU denies the allegations in paragraph 25.

### Defamation – Equifax

26. IWU incorporates by reference its responses to the foregoing allegations of the Complaint.

27. Because the allegations in paragraph 27 concern another defendant, IWU lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

28. Because the allegations in paragraph 28 concern another defendant, IWU lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

### Negligent Violation of Fair Credit Reporting Act - IWU

29. IWU incorporates by reference its responses to the foregoing allegations of the Complaint.

30. IWU denies the allegations in paragraph 30.

31. IWU denies the allegations in paragraph 31.

### Negligent Violation of Fair Credit Reporting Act – Equifax

32. IWU incorporates by reference its responses to the foregoing allegations of the Complaint.

33. Because the allegations in paragraph 33 concern another defendant, IWU lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

34. Because the allegations in paragraph 34 concern another defendant, IWU lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

35. Because the allegations in paragraph 35 concern another defendant, IWU lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

### Willful Violation of Fair Credit Reporting Act – IWU

36. IWU incorporates by reference its responses to the foregoing allegations of the Complaint.

37. IWU denies the allegations in paragraph 37.

38. IWU denies the allegations in paragraph 38.

**Willful Violation of Fair Credit Reporting Act – Equifax**

39. IWU incorporates by reference its responses to the foregoing allegations of the Complaint.

40. Because the allegations in paragraph 40 concern another defendant, IWU lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

41. Because the allegations in paragraph 41 concern another defendant, IWU lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

42. Because the allegations in paragraph 42 concern another defendant, IWU lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

IWU denies that Plaintiff is entitled to the relief he seeks in the WHEREFORE clause immediately following paragraph 42.

**AFFIRMATIVE DEFENSES**

1. Plaintiff has failed, in whole or in part, to state a claim upon which relief may be granted because Plaintiff's state-law claims are preempted by the Fair Credit Reporting Act.

2. Plaintiff failed to mitigate his damages, if any.

3. Plaintiff's damages, if any, were caused by the actions and/or inaction of third parties and/or intervening causes over which IWU has no control.

4.       IWU acted at all times in compliance with the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, and it is entitled to each and every defense stated in the Act and any and all limitations of liability.

5.       IWU acted reasonably and in good faith at all material times based on all relevant facts and circumstances known by it at the time it so acted.

6.       Plaintiff is estopped from recovering from IWU.

7.       IWU pleads and asserts all applicable constitutional, statutory, and common law limitations on punitive damages.

8.       As a result of this litigation, IWU was required to retain the undersigned counsel, to whom it is obligated to pay a reasonable fee, for which IWU is entitled to recovery pursuant to 15 U.S.C. §§ 1681n(c) and 1681o(b).

9.       IWU reserves the right to supplement its affirmative defenses as it continues with its factual investigation of Plaintiff's claims.

**WHEREFORE**, IWU respectfully request that this Court:

a.       Dismiss all of Plaintiff's claims against IWU on the merits and with prejudice;

b.       Award IWU all costs, disbursements, and reasonable attorneys' fees allowed by law; and

c.       Grant IWU any other relief that the Court deems just and equitable.

*/s/ Jeffrey S. Moad*
Neal F. Bailen
Jeffrey S. Moad
STITES & HARBISON, PLLC
400 W. Market Street, Ste. 1800
Louisville, KY 40202
Telephone: (502) 587-3400
Email:  nbailen@stites.com
            jmoad@stites.com
*Counsel for Indiana Wesleyan University*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on all counsel of record through CM/ECF on March 22, 2019.

<u>/s/ Jeffrey S. Moad</u><br>
*Counsel for Defendant*